UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CARL E. ROUSE, JR.            ]
     Plaintiff,               ]
                              ]      No.
v.                            ]      (No.3:13-mc-0043)
                              ]      Judge Sharp
STATE OF TENNESSEE, et al.    ]
     Defendants.              ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee; the Tennessee Board of Probation and Parole; its Chairman, Charles Traughber; Burton Mixer, a state Probation Officer; Mark Fishburn, a Criminal Court Judge in Davidson County; and Joel Crim, a Davidson County prosecutor; seeking damages.

According to the complaint, Officer Mixer cited the plaintiff for a probation violation. A warrant was issued for the plaintiff's arrest. He was taken into custody and remained there for sixteen (16) days (5/29/12 - 6/14/12). The plaintiff alleges that the defendants falsely imprisoned him.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution

or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981).

An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983. <u>Voyticky v. Village of Timberlake</u>, 412 F.3d 669,677 (6th Cir.2005).

In this instance, the plaintiff acknowledges that he was taken into custody pursuant to a warrant. He does not, however, offer any factual allegations that would lead one to question the validity of the warrant. As a consequence, the plaintiff has failed to state an actionable claim for false imprisonment.

When a prisoner plaintiff has failed to state an actionable claim, the Court is obliged to dismiss his complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate order will be entered dismissing this action.

Kevin H. Sharp
_____
Kevin H. Sharp
United States District Judge